UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  08-20370-CIV-GOLD/McALILEY

ODALYS LOPEZ, IVONNE REYES,
and others similarly situated,

    Plaintiff,
vs.

THE VALLS GROUP, INC.; *et. al.*

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO "DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND FOR SANCTIONS AND MOTION FOR REHEARING WITH INCORPORATED MEMORANDUM OF LAW"**

Plaintiffs Odalys Lopez, Ivonne Reyes, on their own behalf and on behalf of similarly situated employees hereby respond as follows:

**SUMMARY OF RESPONSE**

Following the entry of the Court's "Order Granting in Part and Denying in Part Motion to Certify FLSA Opt-In Class…" (D.E. 52), the Defendants seek rehearing and other relief arguing in three parts: first, that Plaintiff "Odalys Lopez made material misrepresentations of fact in her affidavit concerning her purported knowledge of the operations" at other La Carreta Restaurants; secondly, that this Court "failed to consider and apply Eleventh Circuit case law"; and lastly, that it is "logistically impossible to investigate, synthesize, and provide the mountain of information as to the hundreds of past and current employees within the time prescribed by the Court."

As a procedural matter, the motion is deficient since the Defendants have failed to comply with the requirements of Local Rule 7.1.A.3 by failing to even attempt to discuss any of the issues raised with opposing counsel in advance of filing the motion.  However, on a

substantive level, the motion must also fail. Preliminarily, the Plaintiff Odalys Lopez has made no "material misrepresentations of fact" as asserted by Defendants; in fact the Defendants have not even attempted to rebut the assertion that "La Carreta" does in fact incorporate cafeteria and other wait staff servers in various other of its corporate restaurants. Similarly, the fact that Mr. Felipe Valls in fact oversees the operations of the restaurants is a matter of public record and consistent with the way he holds himself out to the public. Contrary to Defendants' assertions of inaccuracy, Ms. Lopez's' affidavit is substantially corroborated by those of Mssrs. Felipe Valls, Jr. and Oscar Falcon, as well as from other sources. Secondly, the Court did not fail to consider or apply applicable Eleventh Circuit authority; the Defendants are merely rearguing fully briefed and argued issues resolved against them. Lastly, the "Motion for Rehearing" is utterly devoid of any record basis upon which to conclude that it is "a logistical impossibility" to comply with the Order of the Court. On the contrary, there is a record basis upon which to conclude that all personnel records are kept centrally through the offices of "The Valls Group".

## LEGAL ARGUMENT

**A. THE PLAINTIFF HAS MADE NO FALSE ATTESTATIONS AS VAGUELY SUGGESTED BY THE DEFENDANTS WHO ARE NOT ENTITLED TO RULE 60 RELIEF FROM THE CONDITIONAL CLASS CERTIFICATION ORDER.**

The Defendants seek relief from, or rehearing of, the Order Conditionally Certifying a Class (D.E. 52). They do so contrary to the authority of Rule 60 (b)(3) upon which they rely, which provides in pertinent part as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \* \* \*
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

In support of the notion that a Plaintiff has made a misstatement, the Defendants quote an excerpt from of one of the Affidavits filed in this case, even while they conspicuously exclude the language (italicized in the following quote) where said Plaintiff refers to the "method of service" incorporated by the Defendants throughout its restaurant operations. Specifically, on this topic, the Plaintiff has stated that:

> *For the entire period of time that I have worked there, I have worked as a cafeteria worker serving coffee, beverages and snack items from behind an open counter window.* The Defendant incorporates this method of service substantially throughout its restaurant operations…

This is not a misstatement since this method of service *is* incorporated at other "La Carreta" restaurants. Defendants do not even attempt to rebut this through counter-affidavits. If in fact the other "La Carreta" restaurants do not incorporate "cafeteria service"[1] at other restaurants, the Defendants would certainly be free to rebut this through affidavits of their own. However, rather than attempt to rebut what appears to be an utterly uncontroversial statement of fact, the Defendants have preferred to advance the canard that regardless of whether "La Carreta" employs wait staff at other of its restaurant operations, each of its restaurants are unrelated and completely independent from each other, and even -- astoundingly -- that Mr. Felipe Valls "is only a passive investor" (See Affidavits of Oscar Falcon, D.E. 44-2, ¶4; Felipe Valls, Jr., D.E. 44-3, ¶5)[2], notwithstanding that they have now "admitted that The Valls Group provides all La Carreta restaurants accounting and payroll services…described itself [in its original Answer] as a corporation and conglomerate of related, closely, privately held restaurants

---

[1] / As a practical matter, and as the court has correctly noted, there is "no substantive difference between serving food inside the restaurant than through an open window." (D.E. 52, p. 9, fn. 3). Accordingly, the broader, material factual *issue* would relate to whether "La Carreta" incorporates any kind of food servers throughout its restaurant operations. This would not appear to be a controversial fact issue or one which the Defendants would attempt to rebut. Rather, Defendants disingenuously find "misstatement" in what Ms. Lopez says not because her statement is materially false, but because they do not believe she is in a position to know or state something which is patently obvious.

[2] / It would be far more accurate to assert that the Affidavits of Oscar Falcon and Felipe Valls, Jr. are "materially false" as they both expressly advance the fiction that Mr. Valls is "only a passive investor".

operating under the Trademark name of 'La Carreta' …". See Order D.E. 52 at pp. 10, 11. Thus, it would not appear that the Plaintiff has misstated the seemingly stipulated fact that the "La Carreta" restaurants actually employ food serving waiters and waitresses at its restaurants. Indeed, it would seem that "La Carreta" restaurants apparently employ so many servers that they find it "logistically impossible" to timely compile the "mountain of evidence" regarding the employees which fall into the opt-in class. See D.E. 56, pp. 3, 20.

It would appear that since the statement made by the Plaintiff is in every material respect true, it cannot logically form the basis for relief under Rule 60. Indeed, to obtain relief under Rule 60(b)(3) -- as the Defendants assert they are entitled -- they would have to demonstrate that Ms. Lopez engaged in fraud or other misconduct *that prevented the Defendants from fully and fairly presenting their case*. *Harre v. A.H. Robins Co.*, 750 F. 2d 1501, 1503 (11th Cir. 1985), *rev'd on other grounds*, 866 F. 2d 1303 (11th Cir. 1989). Such a suggestion proves outlandish in this case. Even if the Plaintiff's statement that the other "La Carreta" restaurants employ food servers were even arguably false, the Defendants would certainly have been in a position to present their contrary position to this otherwise seemingly obvious fact. Ms. Lopez has done absolutely nothing to prevent Defendants from presenting a defense on this point or any other.

Defendants also read material deception on the part of Plaintiff Lopez from her statement asserting how:

> [i]t is very clear and patently understood that Mr. Valls himself oversees the operations of all the restaurants. For these reasons I believe that the payment of below minimum wages is not isolated to the Key Biscayne Restaurant.

To anyone who might visit the "La Carreta" website it would certainly appear that Ms. Lopez's statement is not only completely accurate, but also a valid reflection of the manner in which Mr. Valls holds himself -- and the "La Carreta" restaurants -- out to the public. The website shared

by all the "La Carreta" restaurants proclaims that "Mr. Felipe Valls, Jr. is the Chief Executive Officer of *all the companies*, and the president of Global Concessions, Inc. and Valls Air, Food and Beverage concessionaires at Miami International Airport, operating several food facilities at the Airport, 'including La Carreta Restaurant in Terminal D 2nd Level'" and that "Mr. Valls, Sr. is very active in the day to day operations of all opearations...". While both Mr. Falcon and Mr. Valls have advanced Affidavits for the proposition that Mr. Valls is "only a passive investor" it is clear that he is both the Chief Executive Officer and President not only for Rockaway Enterprises, Inc., but also for all of the corporate incarnations of the various "La Carreta" restaurants and entities. Contrary to the notions of "passivity" which they seek to advance, Mr. Valls has himself signed numerous Annual Reports with the Florida Department of State, Division of Corporations in which he represents himself to be the President of Rockaway Enterprises. See Composite of Rockaway Enterprises, Inc.'s corporate Annual Reports, attached as Exhibit "A" hereto. Mr. Valls is likewise the President of most if not all of the active corporations which bear the name "La Carreta", operate "La Carreta" restaurants, or provide services to "La Carreta" restaurants.[3] Additionally, from the Affidavit of Mr. Valls (D.E. 44-3), we also know that he is "part owner of [Defendant] Rockaway" and that there is "[a]dmittedly common ownership between the Valls Group and other La Carreta Restaurants..." D.E. 44-3, ¶¶5-6. Further, the Valls Group apparently "performs clerical services such as accounting, payroll" for Rockaway and the other "La Carreta entities." Id at ¶ 4-6. It would appear that Ms. Lopez's challenged statement is entirely corroborated by the manner in which the Defendants

---

[3] /   Mr. Valls appears as President (or managing member) of record for at least the following active "La Carreta" related corporations: La Carreta No. II, Inc.; La Carreta Restaurant IV, Inc.; La Carreta Restaurant V, Inc.; La Carreta Restaurant at Miramar, Inc.; Rockaway Enterprises, Inc.; La Carreta Enterprises, Inc.; Global Concessions, Inc.; La Carreta Group, Inc.; La Carreta Holdings, LLC; Four Wheels Restaurant, Corporation; The Valls Group, Inc.; Valls Holdings, Inc., and others, both active and inactive. See Composite Exhibit B, attached hereto.

5

present themselves to the public as well as by the averments of Mr. Valls himself.

In further support of her statement, there is evidence that The Valls Group *does* exert direct operational influence over the restaurant at which Ms. Lopez works. Ms. Lopez testified in her deposition (although this detail is conveniently ignored in the Defendants' recent submission) not only that she has seen Mr. Valls at the Key Biscayne Restaurant, but also, that directions purporting to come from "the Central Office" and "The Valls Group" are sometimes posted in the restaurant for employees to read (D.E. 56-2, deposition. p. 125, ln. 21 through p. 126, ln. 23.)[4], and that she has on occasion been required or asked to pick up -- at The Valls Group corporate offices where Mr. Valls is based -- the paychecks for the restaurant's employees. See D.E. 56-2, deposition page. 130.

Accordingly, since the supposedly offending statements made by Ms. Lopez are essentially true, unrebutted, and largely corroborated by the Defendants' own behavior and averments, relief under Rule 60 (b)(3) is not warranted and must be denied.

### B. THE COURT PROPERLY CONSIDERED AND APPLIED APPLICABLE CASE LAW IN DETERMINING TO CONDITIONALLY CERTIFY AN OPT-IN CLASS.

Defendants assert that the Court failed to consider or apply applicable Eleventh Circuit caselaw. However, the specific authority the Court failed to consider is not apparent since the authority provided in the recent submission is substantially the same as that cited in prior papers filed by Defendants. In fact, the *Grayson* case principally relied upon was previously cited by both parties, and by the Court as well. D.E. 52 at p. 3. In any event "[t]he benefits of the class action provisions of §216(b) 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they may make informed decisions

---

[4] / A hand written message represented in a picture attached as part of Exhibit "A" to Mr. Falcon's own Affidavit (See D.E. 44-2, p. 9 of 44) warns employees that "The central office will not make any payments… unless the card is not turned in duly punched with its daily entry and exit." D.E. 56-2, at deposition page 120.

6

about whether to participate." *Shaffer v. Farm Fresh, Inc.*, 966 F. 2d 142, 147 (4th Cir. 1992)(*quoting Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The Defendants also cite to the nearly identical affidavits -- most signed on the same day -- by current employees of the Key Biscayne La Carreta restaurant in support of the idea that the Court should have considered these as proof that there is a "complete absence of other similarly situated employees that would wish to opt-in as plaintiffs." In fact the repetitive affidavits are largely devoid of factual details, they are replete with legal conclusions, and appear to identically regurgitate the legal postures of their boss. See D.E. 50. In fact, while the affiants do not expressly waive any rights in the affidavits, the affidavits actually evince a *Kafkaesque* attempt by the employer in this case to foreclose participation in this action by *current* employees of the Key Biscayne La Carreta Restaurant. Since there is no indication for example that these persons were represented, advised that it would be illegal for the employer to retaliate against them for their participation in this case, that they are aware of the lawsuit or their right to participate, or that they were free to refuse to sign the boilerplate form of affidavit prepared by their employer, the filing of the affidavits actually underscores the need for, and importance of, providing court approved notice to the employees both of the existence of this law suit and of the rights they have to participate as parties without retaliation from their employer.

The legal arguments asserted by the Defendants amount essentially to a repetition of their prior arguments which have been obviously and carefully considered by the Court as evinced by the reasoned and thoughtful Order issued following full briefing and oral arguments. There is no procedural vehicle which would permit the Defendants to reargue the same evidence and authority after the Court has issued a ruling.

### C. THE COURT SHOULD NOT EXTEND THE DEADLINE FOR COMPLIANCE WITH THE CERTIFICATION ORDER.

The Defendants maintain that they need more time to comply with the Court's Order as it respects contact information which they are required to produce, in that the information "is not readily available in a centralized location or accessible by means of a centralized electronically maintained data base." They repeat that the "scope and gravity of the mountain of evidence" makes it "logistically impossible" for them to comply with the Court's Order. However, there is no record basis to support these assertions. For all of the Affidavits filed by the Defendants none of them address or establish the basis for the idea that providing contact information for past and present employees would represent such a logistical complexity. In fact, contrary to their assertion that the information "is not readily available in a centralized location" is the Affidavit of Mr. Felipe Valls who has averred that the Valls Group, Inc. "performs clerical services such as accounting, payroll, insurance and property management" for the various restaurants. D.E. 44-3, p. 1 ¶4. Likewise, the Affidavit of Oscar Falcon attaches apparently electronically generated payroll records for the two named employees in this case, suggesting that the required information is actually "accessible by means of a centralized electronically maintained data base" contrary to the Defendants' recent assertions.

Another consideration is the fact that this employer has already approached current employees of the Key Biscayne restaurant in an apparent attempt to foreclose their participation in this case by having them sign the aforementioned affidavits. It is likely that the additional time they request will as likely afford the Defendants an opportunity to attempt to discourage current employees at *other* restaurants from participating before said employees receive the Court-approved notices affording them important information upon which to base their decisions.

Accordingly, because there is no record basis for concluding that 15 days is insufficient time to comply with the Order and because the Defendants already have greater access to their current employees as well as to the ordered information, there is a legitimate concern that the additional time will allow them even greater access and influence over the putative class members before they are properly informed of this lawsuit, their rights, and the statutory protections against retaliation.

## CONCLUSION

This Honorable Court should deny Defendants' Motion in all respects.

Respectfully submitted,

　　/s/Anthony F. Sanchez_____
Anthony F. Sanchez
Florida Bar No. 0789925

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the forgoing is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner, including: Ian J. Kukoff, Esq., Blaxberg, Grayson, et al., P.A., 25 S.E. 2ND Street, Suite 730, Miami, Florida 33131., via Notice of Electronic Filing.

**ANTHONY F. SANCHEZ, P.A.**
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:    305-665-9211
Fax:    305-662-2524
E-mail: afspalaw@aol.com

　　/s/Anthony F. Sanchez_____
Anthony F. Sanchez
Florida Bar No. 0789925

9