UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 08-20370-CIV-GOLD/McALILEY

ODALYS LOPEZ, IVONNE
REYES, and others similarly situated,

    Plaintiffs,
vs.

THE VALLS GROUP, INC., ET AL.,

    Defendants.
_____/

## ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE; DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION

THIS CAUSE is before the Court following a telephonic status conference held on August 8, 2008 in which Defendants' Motions for Relief from Order and for Sanctions [DE 56, 57] and the parties' objections and proposed changes to the Notice and Consent Form [DE 54, 58, 59] were discussed.

I.    Motions for Reconsideration

In their Motions, Defendants attempt to invoke Federal Rule of Civil Procedure 60 in seeking relief from my previous order. However, where, as here, a motion for reconsideration is served within ten days of the rendition of the judgment, Federal Rule of Civil Procedure 59(e) applies. *See Holt v. U.S.*, 249 Fed. Appx. 753, 757 (11th Cir. 2007); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp.2d 1347, 1357 (S.D. Fla. 2004). Although Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration under the Rule: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 1357-58; *see also* 18 Wright, Miller & Cooper, Federal Practice and Procedure: jurisdiction § 4478 (1981). Relief under Rule 59(e) is an

extraordinary remedy. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, Case No. 05-334-Orl-31, 2008 U.S. Dist. LEXIS 39630 (M.D. Fla. May 15, 2008) ("In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly.") (citing *U.S. v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). Therefore, "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (stating that motions for reconsideration "should not be used to raise arguments which could, and should, have been made before the judgment is issued."). Finally, the law in this Circuit is clear that a motion for reconsideration "may not be used to challenge mistakes of law which could have been raised on direct appeal." *Sherrod v. Palm Beach County Sch. Dist.*, 237 Fed. Appx. 423, 425 (11th Cir. 2007) (citing *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). I construe the motions seeking relief in order to prevent manifest injustice based on Defendants' allegations that Plaintiff Odalys Lopez perjured herself and prevented the movants from fully and fairly presenting their case. Having reviewed the motions and applicable law, I find that the request must be denied for several reasons.

First, Defendants have merely reargued their positions in opposing conditional certification which I already considered and rejected in my previous Order. Specifically, their argument that I failed to consider whether other plaintiffs wish to join this action is without merit. As part of their opposition to Plaintiffs' Motion for Class Certification, Defendants argued that Plaintiffs had failed to demonstrate that other similarly situated employees would likely joint this lawsuit. Cases in support of their arguments were cited

in their papers and discussed during oral argument. I considered this argument and line of cases, and determined that conditional certification was appropriate. Additionally, I note that Plaintiffs have in fact shown that other employees may wish to join this action since one other person, Ivonne Reyes, has already opted in as a Plaintiff in this case. Defendants' arguments as to this point is merely a disagreement with my findings and legal conclusions, and is not the proper basis to grant a motion for reconsideration.

Similarly, Defendants wish to reargue that Lopez did not have sufficient knowledge about the operations of the other La Carreta restaurants to testify as to the common management among them or as to the similarity among the locations. Defendants thus ask me to judge the credibility of witnesses during the "notice stage." However, as explained in the order granting conditional certification, during this stage, the court relies on the pleadings and any affidavits submitted to make its determination. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007) ("[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits."). As the *Hipp* Court stated, plaintiffs meet their lenient burden "by making substantial allegations of class-wide [claims], that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1219. This statement necessarily implies that disputed evidence will be presented, and the district court is not asked to determine the credibility of the affiants. Moreover, my decision to certify a corporate wide class in this action was not based solely on Lopez's affidavit. Instead, the affidavits submitted by Plaintiffs, coupled with the information in the Defendants' website, the Defendants' own affidavits and the substantial allegations in the complaint were sufficient to conditionally certify a class during the notice

3

stage. The credibility of Lopez and other witnesses can be determined at the decertification stage.

Second, Defendants have not established that manifest injustice will result if relief is not granted. If at the decertification stage Defendants can prove that Lopez perjured herself, Defendants may seek sanctions to recover their attorneys' fees and costs. For these reasons, the motions for reconsideration are denied.[1]

II.  Objections and Proposed Changes to the Notice and Consent Form

Plaintiffs have requested that the Notice and Consent Form be amended in the following ways: (1) correct clerical error as to counsel's mailing address; (2) permit Plaintiffs to stamp, in a conspicuous place, the actual date of mailing since the date would operate as the start point from which the operative 45 day return period commences; and, (3) allow the Plaintiff to obtain a certified Spanish translation for purposes of mailing the Notice and Consent Form in English and Spanish. Defendants did not object to these changes, and I find them reasonable. As stated during the conference, I thus grant Plaintiffs' requests as to the Notice and Consent Form. Upon obtaining a certified translation, Plaintiffs shall give Defendants three days to approve or object to the translation. If Defendants object to the translation, and after conferring with Plaintiffs the parties cannot reach an agreement, Defendants may file their objections with the Court. If Defendants do not object, or if the parties can reach an agreement, then the final certified translation must be filed with the Court and Plaintiffs may proceed with its mailing.

Additionally, Defendants requested the following changes: (1) refer to the class

---

[1] Having denied the motions, I do not consider the request for sanctions at this time. Defendants may renew their request at a later time, if appropriate.

consistently throughout the Notice as "Waiters, waitresses or cafeteria servers that provide food service directly to customer and received tips directly from these customer"; (2) define the term "tip credit" since the recipients of the letter will likely not be familiar with its meaning; (3) include a summary of the defenses asserted by Defendants; (4) change the time period prescribed in the notice for the alleged violations from "February 2005" to "March 2005"; and, (5) replace language in the Consent Form from "[you] will not be able to recover any damages in the lawsuit" to "[you] will not be entitled to share in any potential recovery in the event damages are awarded in this lawsuit." (*See* Objections and Proposed Changes, DE 58, 59). For the reasons stated of record, these changes are granted as modified and incorporated in the approved final version of the Notice and Consent Form, attached to this Order as Exhibit A.

III.  Order

As discussed, it is hereby ORDERED AND ADJUDGED:

1. Defendants' Motions [DE 56, 57] are DENIED.

2. A final approved version of the Notice and Consent Form to be used by Plaintiffs is attached to this Order as Exhibit A.

3. Plaintiffs should obtain a certified Spanish translation of Exhibit A. Upon receiving the Spanish version from Plaintiffs, Defendants shall have a three-day review and comment period. If Defendants object to the translation, and after conferring with Plaintiffs an agreement is not reached, Defendants may file their objections with the Court. If, on the other hand, Defendants do not object within three days of receipt of the translation, Plaintiffs shall file the Spanish version with the Court and proceed with the mailing of the Notice and

...

Consent Form.

DONE AND ORDERED in Chambers at Miami, Florida this // day of August, 2008.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris McAliley
Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20370-CIV-GOLD/McALILEY

ODALYS LOPEZ, IVONNE REYES,
and others similarly situated,

    Plaintiffs,

v.

THE VALLS GROUPS, INC.

    Defendant,

ROCKAWAY ENTERPRISES, INC.,

    Intervenor Defendant.
_____/

## EXHIBIT A

To: PAST AND PRESENT CAFETRIA SERVERS, WAITERS, AND WAITRESSES AT LA CARRETA RESTAURANTS

Re: NOTICE OF RIGHT TO JOIN LAWSUIT FOR ALLEGED PAYMENT OF UNPAID MINIMUM WAGE AND UNPAID OVERTIME PAY IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

This letter is an important Notice concerning your potential rights under the Fair Labor Standards Act as a result of your current or past employment with any "La Carreta" restaurant.

A lawsuit has been filed in the United States District Court for the Southern District of Florida by a current employee named Odalys Lopez and a former employee named Ivonne Reyes. The case is styled *Lopez, et al., v. The Valls Group, Inc., et al.*, Case No. 08-20370- CIV-GOLD.

Mrs. Lopez and Mrs. Reyes allege that they and other cafeteria servers, waiters, and waitresses of "La Carreta" restaurants were paid less than the applicable and required minimum wage over a period of years. They also maintain that they were not paid all of the overtime pay due for work performed in excess of 40 hours per week. Finally, they allege that their Employer did not properly inform them that a "tip credit" was being applied toward their wages.  A "tip credit" consists of a reduction in the employees hourly base rate because they receive tips. According to Plaintiffs, these actions constitute a violation of the Fair Labor Standards Act.

Defendants deny all allegations and have asserted several defenses to the claims brought against them, including that: (a) posters were posted conspicuously in the restaurant informing tipped employees that the employer is entitled to reduce the minimum hourly wage for tipped employees; (b) Defendants maintain the necessary payroll records required by law; and, (c) Defendants acted in good faith.

This Notice is intended to identify potentially similarly situated employees who also believe that they may have been paid less than the applicable, required minimum wage without having been informed of the Employer's decision to take a "tip credit," or that they have not been paid all of the overtime pay due for work performed in excess of 40 hours per week. If you were employed as a "Waiter," "Waitress," or "Cafeteria Server," by any "La Carreta" restaurant in Miami-Dade or Broward Counties, at any time from February 28, 2005 through the present, you provided food service directly to customers of the restaurant and received tips or gratuities directly from these customers, and you believe that you may have been paid less than the applicable, required minimum wage without being properly informed of the Employer's decision to apply a "tip credit" to your wages, or that you were not paid all overtime pay due ("time and a half") for any hours you worked over forty (40) in one or more workweeks, then you may have a claim under the law to recover damages.

The United States District Court for the Southern District of Florida will conduct a hearing at a future date to determine if each person who responds to this Notice is in fact similarly situated to the Plaintiff.

If you wish to make a claim for unpaid minimum wage, or for unpaid overtime ("time and a half") hours you worked in excess of forty (40) during any workweek, then you must sign the form which is entitled "Notice of Consent to Opt-In Pursuant to 29 U.S.C. Section 216 (b)", which is attached to this Notice, and mail it to the following address within forty five (45) days from the date of this notice:

Clerk of Court
Wilkie D. Ferguson, Jr., United States Courthouse
400 N. Miami Avenue
Room 8N09
Miami, FL 33128-7716

Alternatively, you may hire your own attorney to submit this form on your behalf, or you may contact Mr. Sanchez, attorney for Mrs. Lopez and Mrs. Reyes, for further information or assistance in submitting the form. Mr. Sanchez can be reached at:

The Law Offices of Anthony F. Sanchez, P.A.
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Telephone: (305) 665-9211
Fax: (305) 662-2524

If your consent form is not received by the Clerk within 45 days from the date of this notice,

then you will not be permitted to join in this lawsuit and will not be able to share in any potential recovery in the event damages are awarded in the lawsuit. An envelope has been provided for your return of this form to the Clerk of Court should you elect to join.

By joining this lawsuit, you designate the named Plaintiffs as your agent to make decisions on your behalf concerning the litigation such as the method and manner of conducting or settling the litigation. These decisions and agreements made and entered into by the named Plaintiffs will be binding on you if you join this lawsuit. Any settlement negotiated between the Plaintiffs and Defendants will need to be approved by the District Court.

In addition, if you choose to join this lawsuit, you will be bound by the judgment of the Court on all issues in this case, whether it is favorable or unfavorable to you. While this lawsuit is proceeding, you may, among other things, be required to provide information, sit for depositions, and, if the case proceeds to trial or is otherwise necessary, testify in court at Miami, Florida.

The law prohibits anyone from discriminating or retaliating against you for taking part in this case. This notice is only for purposes of determining the identity of those persons who wish to be involved in this case.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE ALAN S. GOLD, U.S. DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.

NOTICE OF CONSENT TO OPT-IN PURSUANT TO 29 U.S.C. § 216 (b)

I hereby consent, pursuant to 29 U.S.C. Section 216(b), to become a party plaintiff in this action. By choosing to join this lawsuit, I understand that I designate the representative Plaintiffs as my agent to make decisions on my behalf concerning the litigation, including entering into settlement agreements. These decisions will be binding on me if I join this lawsuit. By choosing to join this lawsuit, I understand I will be bound by the Judgment, whether it is favorable or unfavorable.

_____  _____  _____
Signature                    Printed First Middle & Last Name         Today's Date

_____
Home Address

_____  _____
Home Telephone Number          Cell Phone Number (if any)

**(PLEASE WRITE CLEARLY OR TYPE)**